# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SATERSTAD, et al., | : | Civil No. 1:20-CV-765 |
| Plaintiffs, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | |
| DERRY TOWNSHIP, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

This case has been referred to the undersigned. (Doc. 44). The plaintiffs, who are proceeding *pro se*, commenced this action by a complaint, (Doc. 1), which they later amended. (Doc. 23). The defendants then filed motions to dismiss the *pro se* amended complaint. (Docs. 27 and 30). In response, the plaintiffs filed a second amended complaint. (Doc. 33.) The defendants then filed a second set of motions to dismiss. (Docs. 36 and 42). This second set of motions to dismiss apparently inspired another effort by the plaintiffs to further amend the amended complaint. (Doc. 43.) In the meanwhile, as the defendants have sought to dismiss, and the plaintiffs have sought to amend, the complaint the plaintiffs have also twice moved to compel discovery. (Docs. 38 and 40).

Given this proliferation of motions IT IS ORDERED as follows:

1

1. The third amended complaint, (Doc. 43), will be lodged by the clerk as the operative pleading in this case. **Plaintiff is advised however that any future requests to amend the complaint must be made by motion with leave of court and, given these three amendments of this complaint, no further leave to amend will be granted, absent compelling circumstances.**

2. We believe that this development has substantive significance for the parties with respect to the pending motions to dismiss the prior amended complaints filed by the defendants since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); <u>see</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Therefore, since the prior amended complaints are now legal nullities the defendants' motions to dismiss these prior amended complaints, (Docs. 23, 30, 36, and 42), are DISMISSED as moot without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the third

amended complaint. Any such motions to dismiss the third amended complaint should be filed on or before **June 25, 2021.**

3. As for the plaintiffs' motions to compel discovery (Docs. 38 and 40). it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

4. Guided by these legal tenets we conclude that further discovery should be briefly stayed at this time until after the court resolves any motions to dismiss this newly filed third amended complaint. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore these motions to compel are DENIED without prejudice to renewal once any motions to dismiss the third amended complaint are resolved.

SO ORDERED, this 26th day of May 2021.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge