IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD SATERSTAD,** | : | Civil No. 1:20-cv-0765 |
| Plaintiff, | : | |
| v. | : | |
| **DERRY TOWNSHIP, DENNIS ECKENRODE, and CHUCK WITMER,** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## MEMORANDUM

Before the court is a report and recommendation ("R&R") (Doc. 50) of Magistrate Judge Carlson in which he recommends that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice and that his claims pursuant to Pennsylvania law be dismissed without prejudice to Plaintiff endeavoring to bring suit against the defendants in state court. On November 1, 2021, Plaintiff timely filed objections (Doc. 51) to the R&R wherein he agrees with Magistrate Judge Carlson's recommendation but seeks to address some errors in the report. For the reasons that follow, the court will adopt the R&R in part.

### I.   Background

Upon *de novo* review of the record, the court adopts the R&R's statement of facts and procedural history concerning this matter. Briefly, Plaintiff Edward Saterstad ("Plaintiff") initiated this action in April 2020 by filing a *pro se* complaint

in the Dauphin County Court of Common Pleas. Count I of the complaint asserted a claim under 42 U.S.C. § 1983 "based on Fourth, Fifth and Fourteenth Amendments Violation and Substantive Due Process Regarding Malicious Prosecution"; Count II asserted a claim for common law malicious prosecution; Count III asserted a Section 1983 claim "based on Fourth, Fifth, and Fourteenth Amendments Violation Regarding False Arrest and Falsification of Evidence"; Count IV asserted a claim for conspiracy to violate 42 U.S.C. §1983; Count V asserted a claim for common law conspiracy; and Counts VI asserted claims for punitive damages and intentional infliction of emotional distress. Defendant Derry Township timely removed the action to the United States District Court of the Middle District of Pennsylvania based on federal question jurisdiction under 28 U.S.C. § 1331 (Doc. 1), and subsequently filed a motion to dismiss the complaint for failure to state a claim (Doc. 2). The court dismissed the complaint in part, without prejudice, and granted Plaintiff leave to amend the complaint in accordance with the requirements outlined in the court's opinion. (Docs. 15, 16.) In response, Plaintiff filed a second amended complaint joining two additional defendants to the action, Officer Dennis Eckenrode and Chuck Witmer, and removed Mary Saterstad as Plaintiff. On May 10, 2021, Defendants Derry Township and Dennis Eckenrode moved to dismiss the complaint (Doc. 36), and on May 21, 2021, Defendant Witmer separately moved to dismiss the complaint (Doc. 42).

On May 25, 2021, Plaintiff filed a third amended complaint, alleging causes of action for malicious prosecution, false imprisonment, common law civil conspiracy, and punitive damages. The magistrate judge then issued an order directing the Clerk of Court to lodge the third amended complaint as the operative pleading in this case, dismissed the pending motions to dismiss as moot, and directed that any additional motions to dismiss be filed no later than June 25, 2021.[1] (Doc. 45.) On June 25, 2021, Defendants Derry Township and Dennis Eckenrode filed a motion to dismiss the third amended complaint for failure to state a claim (Doc. 47), followed by a brief in support (Doc. 48). On October 18, 2021, the magistrate judge filed the instant R&R, recommending that "the defendants' motion to dismiss the plaintiff's complaint (Docs. 2, 10)[2] be granted and that the claims against these defendants be dismissed." (Doc. 50, p. 25.) Plaintiff timely filed objections to the R&R in which he agrees with Judge Carlson's finding that Plaintiff's "claims are

---

[1] Specifically, the order stated: "We believe [that the filing of the third amended complaint] has substantive significance for the parties with respect to the pending motions to dismiss the prior amended complaints filed by the defendants since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint . . . . Therefore, since the prior amended complaints are now legal nullities the defendants' motions to dismiss these prior amended complaints, (Docs. 23, 30, 36, and 42), are DISMISSED as moot without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the third amended complaint. Any such motions to dismiss the third amended complaint should be filed on or before June 25, 2021." (Doc. 45.)

[2] The R&R incorrectly sites to a prior motion to dismiss that was disposed of by this court on January 20, 2021 (Doc. 2) as well as a request for an extension of time filed by Plaintiff on June 9, 2020 (Doc. 10) and granted by this court on June 11, 2020 (Doc. 11). The only motion to dismiss currently pending before the court is Defendant Derry Township and Dennis Eckenrode's Motion to Dismiss Third Amended Complaint Pursuant to Rule 12(b)(6). (Doc. 47.)

most appropriately addressed by the courts of Pennsylvania," but aptly notes that Defendant Chuck Witmer failed to file a motion to dismiss Plaintiff's third amended complaint in accordance with Magistrate Judge Carlson's May 26, 2021 Memorandum and Order. (Doc. 45.) Plaintiff also emphasizes in his objections that his third amended complaint does not assert any federal causes of action. (*Id.*)

## II. **Legal Standard**

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Regardless of whether timely objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

### III. Discussion

The court is satisfied that the R&R contains no clear error as to Defendants Derry Township and Dennis Eckenrode and will therefore adopt the recommendation to grant the motion to dismiss filed by these defendants. However, as Plaintiff notes in his objections, Defendant Witmer failed to file a motion to dismiss the third amended by June 25, 2021 as directed by the Magistrate Judge. Nonetheless, because Plaintiff is no longer pursuing any federal causes of action against any of the defendants, including Defendant Witmer (*see* Doc. 51, p. 2), the court will adopt the report insofar as it recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss the complaint without prejudice to Plaintiff bringing these claims in the appropriate state court.

### IV. Conclusion

For the reasons stated above, the R&R will be adopted in part and the complaint will be dismissed without prejudice to Plaintiff bringing his state law claims in the appropriate state court.

               s/Sylvia H. Rambo
               Sylvia H. Rambo
               United States District Judge

Dated: December 7, 2021